IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 95 CR 92-1 |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| BURTON HIGHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, defendant Burton Higham moves pursuant to 18 U.S.C. § 3572(d)(3) to amend a fine imposed over a decade ago. Specifically, Higham asks this court to eliminate the fine, lessen it, or waive the interest and penalties that have accrued while serving his sentence. The last request is the primary focus of his motion. The government objects, arguing Higham has not demonstrated a "material change" in his economic circumstances warranting relief. For the reasons set forth below, Higham's motion is denied.

## BACKGROUND

Higham was convicted of a murder-for-hire and mail fraud scheme in August 1995. Facing large debts related to the failure of two businesses, Higham hatched a plan to murder his business partner and collect the proceeds from a "key man" insurance policy. The hit man Higham chose was an undercover FBI agent. After the two discussed the murder in detail over breakfast and during follow-up telephone calls, Higham was arrested and charged in a six count indictment. A jury found him guilty on all counts. He was sentenced to 180 months imprisonment and three years of supervised release. The court ordered Higham to pay a $17,500 fine in "equal monthly installments

throughout [the] period of supervised release." Judgment at 4, Dkt. No. 50 (Aug. 23, 1995). The judgment and commitment order did not waive or modify interest on the fine.

On February 15, 2006, the Department of Justice sent Higham a notice indicating its intent to offset his unpaid fine, which now totals $24,468.62 including interest, with eligible federal payments. The notice "strongly urge[d]" Higham to pay his debt immediately, *"unless the court has ordered a specific payment plan."* Def.'s Mot. at Ex. 2 (emphasis in original). Receipt of the notice prompted Higham to file this motion. He argues the accrued interest on his fine should be waived because it is financially burdensome. *Id.* at 4. Higham contends his age, absence from the workforce for the past ten years, and lack of job training while in prison make it highly unlikely that he will find a job paying above minimum wage upon his release. *Id.* at 2, 4. According to Higham, the additional interest and penalties render the payment of his fine almost impossible. *Id.* at 5.

## ANALYSIS

The disposition of Higham's motion is governed by two statutes. The first is 18 U.S.C. § 3572, which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

§ 3572(d)(3). By its plain terms, the statute only allows adjustments to a defendant's payment schedule, *i.e.*, lengthening or shortening the schedule, and only in circumstances where there is a material change in the defendant's economic circumstances. *Id.*; *United States v. Goode*, 342 F.3d 741, 744 (7th Cir. 2003). The second statute is 18 U.S.C. § 3612, which requires that a defendant

2

"shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment." § 3612(f)(1). The statute does not exempt fines paid in installments from incurring interest and penalties. *Id.*; *see also United States v. Finley*, 783 F. Supp. 1123, 1126 (N.D. Ill. 1991) (interest accrued on unpaid fine even when judgment order was silent on date payment due) (Rovner, J.).

The heart of Higham's argument is that it will be difficult, if not impossible, for him to pay his fine plus the accrued interest during his supervised release term. While he may be correct, that does not compel granting his motion. Higham does not explain how his financial condition has materially changed, a precondition to adjusting the payment schedule under § 3572(d)(3). *See Goode*, 342 F.3d at 744 (denial of petition to reduce interest on fine where defendant made no showing of material change). Higham was sentenced in 1995 and has been incarcerated for the past ten years. It is unlikely his financial condition has changed much, if at all, during that time. In fact, his financial condition will probably not change anytime in the next two years while he awaits release. What Higham appears to be arguing is that the incremental increase in the fine due to accruing interest is a material change under § 3572(d)(3). But this argument cannot sustain his motion because every prisoner with an unpaid fine would be eligible for a § 3572(d)(3) adjustment. Clearly that was not the intention of the statute. Moreover, the government is correct that the statute cannot provide the relief Higham seeks even if he demonstrated a material change. Section 3572(d)(3) allows adjustment of the payment schedule, not waiver of interest or forgiveness of all or part of the fine. Higham seeks the incorrect relief and fails to make a proper showing of material change.

Higham's *pro se* status compels the court to address an additional argument that was not fully developed in his motion: that interest on his fine should not be applied pursuant to 18 U.S.C. § 3612(f)(1), because the court ordered the fine paid during his yet-to-begin term of supervised release. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) ("pro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed"). Section 3612(f)(1)'s language is mandatory. It provides that a defendant shall pay interest on a fine over $2,500 if not paid in full within fifteen days of judgment. The statute does not exempt fines that are paid in installments. § 3612(f)(1). The statute allows the court to modify interest charges if it determines the defendant does not have the ability to pay. § 3612(f)(3). The court did not waive payment of interest. Judgment at 4. To the contrary, the court ordered "[t]his fine *plus any interest*" to be paid in equal monthly installments during the supervised release term. *Id.* (emphasis added). Therefore, the court implicitly and explicitly ordered that interest be applied to Higham's fine.

## CONCLUSION

Based on the foregoing, defendant Burton Higham's motion to amend his fine pursuant to 18 U.S.C. § 3572(d)(3) is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

November 16, 2006

4